UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:24-CV-00163-CHL

**TIMOTHY FINNEY, et al.,**                                                                 **Plaintiffs,**

v.

**BANK OF AMERICA, NATIONAL ASSOCIATION, et al.,**                  **Defendants.**

### MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Dismiss for Failure to State a Claim filed by Defendant Bank of America, National Association ("Defendant"). (DN 17.) Plaintiffs Jane Finney ("Jane") and Timothy Finney ("Timothy") (collectively "Plaintiffs") have filed a response. (DN 25.) Defendant has filed a reply. (DN 27.) Accordingly, the Motion is ripe for view. For the reasons below, Defendant's Motion is **GRANTED in part**.

**I.     Background**

    **A.     Factual Background[1]**

Plaintiffs have a loan with Defendant on the property located at 521 N. 31st in Louisville, Kentucky. (DN 39 at ¶ 8.) Plaintiffs have always been current on their mortgage payments. (*Id.*) But Defendant has returned several payments, stating it could not properly apply them. (*Id.*) Since Defendant had not applied several of Plaintiffs' payments, Defendant had been reporting those payments as late to consumer reporting agencies, in addition to adding numerous late fees to Plaintiffs' account. (*Id.*) Plaintiffs contacted Defendant to "straighten out the issue," but Defendant never corrected the reporting error or refunded the late fees. (*Id.* at ¶ 9.) Plaintiffs also

---

[1] These facts are taken from Plaintiffs' amended complaint. (DN 39.) For purposes of a motion to dismiss under Rule 12(b)(6), the Court will assume all factual allegations to be true and grant Plaintiffs the benefit of all plausible inferences. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007).

reported these disputes to consumer reporting agencies, and while these agencies notified Defendant there was a dispute, Defendant refused to remedy the issue. (*Id.* at ¶ 12.)[2]

### B. Procedural History

Plaintiffs sued Defendant in Jefferson County Circuit Court for a violation of the Fair Credit Reporting Act ("FCRA"); violations of the Fair Debt Collection Practices Act ("FDCPA"); a violation of 11 U.S.C. § 524; harassing communications; a violation of the Kentucky Consumer Protection Act; negligent conduct; negligent infliction of emotional distress; negligent hiring and supervision; and invasion of privacy. (DN 1-1 at ¶ 6.) Defendant removed this action to the United States District Court for the Western District of Kentucky. (DN 1.)

Defendant then filed its Motion to Dismiss. (DN 17.) Plaintiffs filed a response (DN 25), and Defendant filed its reply. (DN 27.) As the Court determined that the issue as to whether Plaintiffs' claim for relief under the FCRA should be dismissed was insufficiently briefed, the Court ordered the parties to file supplemental briefing on the issue. (DN 28.) After the parties filed their supplemental briefs, Plaintiffs filed a motion seeking leave to amend their complaint. (DN 36.) The Court granted Plaintiffs leave to amend their complaint and advised the parties that it would apply Defendant's pending Motion to Dismiss (DN 17) to the identical counts in Plaintiffs' Amended Complaint. (DN 37.) Plaintiffs then filed their amended complaint, asserting two counts of violations of the FDCPA, one count for harassing communications under Kentucky law, one count for negligence, one count for negligent infliction of emotional distress, and two counts for invasion of privacy. (DN 39.)

## II. Discussion

### A. Standard

---

[2] The amended complaint improperly labeled this paragraph as paragraph 11.

A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). A party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Sixth Circuit reviews a district court's decision to grant or deny a motion to dismiss under Rule 12(b)(6) *de novo*. *Stratton v. Portfolio Recovery Assocs., LLC*, 770 F.3d 443, 446 (6th Cir. 2014).

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In ruling on a motion to dismiss, a court must accept all factual allegations in the complaint as true and grant the complainant the benefit of all plausible inferences. *See id.* at 555. However, a court does not need to accept as true "labels and conclusions," or "formulaic recitation[s] of the elements of a cause of action." *Id*. Nor may a complaint survive if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557. Once a court has determined what allegations may be accepted as true, the court must then determine whether those allegations plausibly give rise to a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). A claim for relief is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Id.*

B.   **The Fair Debt Collection Practices Act**

In counts 1 and 5, Plaintiffs assert two claims for violations of the FDCPA. To plead a claim for relief under the FDCPA, Plaintiffs must allege: (i) they are "consumers" as defined by 15 U.S.C. § 1692a(3); (ii) the debt arises out of transactions that are "primarily for personal, family or household purposes;" (iii) Defendant is a "debt collector" as defined by § 1692a(6); and (iv) Defendant violated one of the provisions of FDCPA. *Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012).

Plaintiffs are consumers who owe a debt that arises out of a transaction for household purposes. A "consumer" is any natural person obligated to pay any debt. 15 U.S.C. § 1692a(3). Plaintiffs are natural persons obligated to pay a debt, and therefore are consumers. (DN 39 at ¶ 8.) Furthermore, Plaintiffs have a mortgage on their property. (*Id.*) This debt is thus governed by the FDCPA. *See Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC*, 698 F.3d 290, 294 (6th Cir. 2012). Accordingly, Plaintiffs have alleged they are consumers obligated to pay a debt under the FDCPA.

However, Plaintiffs have not alleged that Defendant is a debt collector because the amended complaint contains no factual allegations concerning Defendant's business or regular activities. *See Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 481 (6th Cir. 2020). Plaintiffs argue in their Response to the Motion to Dismiss that Defendant qualifies as a debt collector because "numerous correspondence from BANA identifies themselves [sic] as 'debt collectors.'" (DN 25, at PageID # 122.) This fact is not alleged in the amended complaint, nor is it enough to infer that Defendant is a debt collector under 15 U.S.C. § 1692(a)(6). A debt collector is a person or entity whose principal purpose is the collection of debts, or that regularly collects or attempts to collect debts owed another. § 1692(a)(6). Even if Defendant did attempt to collect on a debt or refer to itself as a debt collector in mail communications, Defendant's status as a "debt collector" depends on what Defendant does generally, not what Defendant did in a given case. *Bates*, F.3d at 480-81. The amended complaint does not suggest that Defendant's principal business is the collection of debts, and as such, the amended complaint fails to allege that Defendant is a debt collector.

Since Plaintiffs have not alleged that Defendant is a debt collector, Plaintiffs cannot plead that Defendant is liable under the FDCPA. *Kistner v. L. Offs. of Michael P. Margelefsky, LLC*,

518 F.3d 433, 435-36 (6th Cir. 2008) (holding that liability under the FDCPA only attaches to a debt collector). Accordingly, with respect to counts 1 and 5, Defendant's Motion to Dismiss is **GRANTED**.

### C. Harassing Communications

Plaintiffs allege one count of harassing communications under Kentucky law. Under the Kentucky Penal Code, a person is guilty of harassing communications when, with intent to intimidate, harass, annoy, or alarm another person, he or she:

> (a) Communicates with a person, anonymously or otherwise, by telephone, telegraph, mail, or any other form of electronic or written communication in a manner which causes annoyance or alarm and serves no purpose of legitimate communication;
> (b) Makes a telephone call, whether or not conversation ensues, with no purpose of legitimate communication; or
> (c) Communicates, while enrolled as a student in a local school district, with or about another school student, anonymously or otherwise, by telephone, the Internet, telegraph, mail, or any other form of electronic or written communication in a manner which a reasonable person under the circumstances should know would cause the other student to suffer fear of physical harm, intimidation, humiliation, or embarrassment and which serves no purpose of legitimate communication.

Ky. Rev. Stat. Ann. § 525.080 (West). Anyone who engages in harassing communications may be liable for civil damages. § 446.070.

Plaintiffs have alleged that Defendant communicated with them and caused them annoyance or alarm. They claim that Defendant "has returned several payments to Plaintiffs stating they [sic] could not properly apply those payments." (DN 39 at ¶ 8.) They also claim that Defendant caused them "stress, anxiety, mental and emotional distress, and depression." (DN 39 at ¶ 19.) From these allegations, the Court can plausibly infer that Defendant communicated with Plaintiffs and caused them annoyance or alarm.

However, Plaintiffs have not alleged that Defendant *intended* to harass or annoy them or that Defendant contacted them *without a legitimate purpose*. While a plaintiff need not explicitly allege that a defendant had the requisite state of mind, a plaintiff must allege facts sufficient to infer wrongful intent. *See Iqbal*, 556 U.S. at 683. Here, there are no facts in the amended complaint sufficient to infer that Defendant returned these payments to Plaintiffs for no legitimate purpose and with the intent to harass, intimidate, or annoy them. Accordingly, Plaintiffs have failed to allege that Defendant had the requisite intent and purpose.

Defendant's intent and purpose in communicating with Plaintiffs are central to a claim for harassing communications. *See Yates v. Kentucky*, 753 S.W.2d 874, 876 (Ky. 1988). As there are insufficient factual allegations to infer Defendant's intent and purpose, Defendant's Motion to Dismiss with respect to count 2 is **GRANTED**.

### D. Negligence and Negligent Infliction of Emotional Distress

To state a claim of negligence under Kentucky law, a plaintiff must allege that: (i) the defendant owed the plaintiff a duty of care; (ii) the defendant breached that duty, and (iii) the plaintiff was proximately harmed by the defendant's breach. *Walmart, Inc. v. Reeves*, 671 S.W.3d 24, 26 (Ky. 2023). To state a claim of negligent infliction of emotional distress, the plaintiff must allege all the elements of a negligence claim in addition to alleging that he or she suffered a "severe" or "serious" emotional injury. *Osborne v. Keeney*, 399 S.W.3d 1, 17 (Ky. 2012). Under Kentucky law, a violation of a statute may constitute the requisite breach of the duty of care under a theory of negligence per se. Ky. Rev. Stat. Ann. § 446.070 (West); *St. Luke Hosp., Inc. v. Straub*, 354 S.W.3d 529, 534 (Ky. 2011).

Here, Plaintiffs fail to state a claim of negligence and a claim of negligent infliction of emotional distress because Plaintiffs fail to allege that Defendant owed them a duty of care.

Plaintiffs cite to two federal laws as sources of Defendant's duty of care: the FCRA and Regulation Z of the Truth in Lending Act ("TILA"). (DN 25, at PageID # 123-25.) But federal statutes and regulations cannot provide the standard of care for a claim of negligence per se under Kentucky law. *Young v. Carran*, 289 S.W.3d 586, 589 (Ky. Ct. App. 2008). However, Plaintiffs may not be barred from recovery completely. The Court may instead construe Plaintiffs' negligence claims as claims for relief under federal law.

> 1. **The Court will construe Plaintiffs' negligence claim as a claim of relief under the Fair Credit Reporting Act.**

Although Plaintiffs labeled count 3 as a claim for negligence, it is evident to the Court that Plaintiffs intended this claim to proceed as a claim for relief under the FCRA. (DN 35, at PageID # 228.) Plaintiffs' amended complaint contains new factual allegations supporting this claim that were not in their original complaint, such as their allegation that Plaintiffs reported their disputes to consumer reporting agencies and that Defendant received notice of the disputes. (DN 39 at ¶ 12.) Accordingly, the Court will not apply Defendant's pending Motion to Dismiss to Plaintiffs' claim of negligence. Instead, the Court will permit Plaintiffs' claim of negligence to proceed as a claim for relief for a violation of the FCRA and will not rule on the sufficiency of the claim at this time.

> 2. **The Court will not construe Plaintiff's claim of negligent infliction of emotional distress as a claim under Regulation Z.**

Courts should not dismiss a claim solely because it has been labeled incorrectly but should instead examine "the substance of the complaint." *Minger v. Green*, 239 F.3d 793, 799-801 (6th Cir. 2001). Courts may even correct a mislabeled legal claim if doing so does not prejudice the opposing party. *Id*. at 801. Correction of a legal claim does not prejudice the opposing party if the facts alleged in the complaint provide fair notice to the opposing party of the grounds for the

plaintiff's claim and the type of litigation involved. *See id*. The facts alleged in a complaint provide fair notice if they are sufficient to state a claim for relief notwithstanding the improper label. *See id.*

In *Minger*, the court held that the defendant would not be prejudiced by correction of the plaintiff's claim for relief because the plaintiff alleged enough facts in her complaint to state a claim for intentional misrepresentation, even though she labeled her claim as negligence. 239 F.3d at 800. Instead of applying labels rigidly, the court looked "beyond labels to the substance of the allegations" to hold that the facts alleged in the complaint established each of the required elements for a claim of intentional misrepresentation. *Id.* Thus, the court held that the plaintiff provided fair notice to the defendant of the grounds for her claim, and that the defendant would not be prejudiced by a correction of the legal claim. *Id.* at 801.

In *Mueller v. FacilityONE Technologies*, LLC, No. 3:21-CV-759-DJH-CHL, 2023 WL 3193284 (W.D. Ky. Mar. 22, 2023), the Court held that the plaintiff provided fair notice to the defendant of the grounds for his claim because he adequately alleged the elements of unjust enrichment even though he did not label his claim as such. *Id.* at *6. In fact, the plaintiff did not use the label of any claim at all, instead using the label "restitution." *Id.* ("Technically, unjust enrichment is the cause of action, and restitution is the remedy."). But because the plaintiff nevertheless alleged enough facts to state a claim for unjust enrichment, the complaint provided the defendant with fair notice of the grounds for the plaintiff's claim. *Id.* at * 7. Accordingly, the Court held that the defendant would not be prejudiced by a correction of the plaintiff's legal claim. *Id.*

Here, the allegations in the amended complaint do not provide Defendant with fair notice of the grounds for Plaintiffs' claim under Regulation Z because Plaintiffs have not alleged all the

required elements. Although the Court could infer from Plaintiffs' allegations that Defendant failed to credit payments to Plaintiffs' account in violation of title 12, section 1026.10(a) of the Code of Federal Regulations, Plaintiffs do not allege enough facts for the Court to plausibly infer that their debt is an open-end mortgage. As Defendant points out, section 1026.10 only applies to open-end credit. *E.g., Dixon v. U.S. Bank N.A.*, No. 2:23 CV 264, 2025 WL 915485, at *3 (N.D. Ind. Mar. 25, 2025). Therefore, Plaintiffs have not provided Defendant with fair notice of the grounds for their claim. Thus, the Court will not correct Plaintiffs' legal theory as such a correction would prejudice Defendant.

As Plaintiffs have failed to allege any facts to plausibly infer that Defendant otherwise owed a duty of care to Plaintiffs, Plaintiffs claim of negligent infliction of emotional distress fails. Accordingly, with respect to count 4, Defendant's Motion to Dismiss is **GRANTED**.

### E. Invasion of Privacy

In the introductory section of their original complaint, Plaintiffs stated that they were asserting a claim for relief for invasion of privacy. (DN 1-1 at ¶ 6.) However, as Defendant notes, Plaintiffs did not actually assert this theory of recovery in the complaint. (DN 17-1 at PageID # 74 n. 1.) This violates the requirement that plaintiffs "connect specific facts or events" with the various causes of action they assert. *Lee v. Ohio Educ. Ass'n*, 951 F.3d 386, 392 (6th Cir. 2020) (quoting *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 947 (7th Cir. 2013)). But Plaintiffs remedied this defect in their amended complaint and thus the Court will not apply Defendant's Motion to Dismiss to Plaintiffs' claims for invasion of privacy. *See Crawford v. Tilley*, 15 F.4th 752, 759 n. 2 (6th Cir. 2021) ("In these cases, the trial court's decision to apply the pending motion to dismiss to the amended complaint inures to the defendant's benefit. In effect, trial courts following this practice have determined that the new complaint failed to cure the defects identified

by the motion to dismiss the original complaint. That is not the situation here."). Accordingly, the Court will permit counts 6 and 7 to proceed but will not rule on their sufficiency at this time.

### F.    Dismissal With Prejudice

When granting a motion to dismiss, courts usually dismiss claims without prejudice to give parties an opportunity to fix pleading defects. *CNH Am. LLC v. Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am. (UAW)*, 645 F.3d 785, 795 (6th Cir. 2011). In fact, dismissal with prejudice and without leave to amend is inappropriate unless the complaint could not be saved by amendment. *Newberry v. Silverman*, 789 F.3d 636, 646 (6th Cir. 2015) (citing *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)). However, it is not an abuse of discretion for a court to dismiss claims with prejudice when the plaintiff does not file a motion to amend or a proposed amended complaint. *Crosby v. Twitter, Inc.*, 921 F.3d 617, 627-28 (6th Cir. 2019) (citing *CNH Am. LLC*, 645 F.3d at 795).

Here, Plaintiffs filed a motion for leave to amend their complaint (DN 36) that the Court granted. (DN 37.) However, Plaintiffs' amended complaint does not fix any of the defects in counts 1, 2, 4, and 5 that were present in their original complaint. Plaintiffs have also not filed a proposed second amended complaint or provided any hint as to what they could add to their complaint that would remedy such defects. *See United States ex rel. Harper v. Muskingum Watershed Conservancy Dist.*, 739 F. App'x 330, 335 (6th Cir. 2018). Accordingly, the Court will dismiss counts 1, 2, 4, and 5 with prejudice and without leave to amend. *See Crosby*, 921 F.3d at 628.

### III.    Order

For the foregoing reasons,

IT IS HEREBY ORDERED that:

(1)     Defendant's Motion to Dismiss (DN 17) is **GRANTED IN PART**. Counts 1, 2, 4, and 5 are **DISMISSED**.

(2)     With respect to count 3, the Court will permit Plaintiffs' claim of negligence to proceed as a claim for relief under the Fair Credit Reporting Act without prejudice to Defendant's right to file an additional motion to dismiss with respect to this claim.

(3)     The Court will permit counts 6 and 7 to proceed without prejudice to Defendant's right to file an additional motion to dismiss with respect to these claims.

(4)     On or before **August 15, 2025**, Defendant shall file a response to Plaintiffs' amended complaint.

July 31, 2025

Colin H Lindsay, Magistrate Judge
United States District Court

cc: Counsel of record