UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO.  3:24-CV-00163-CHL

TIMOTHY FINNEY, et al.,                                    Plaintiffs,

v.

BANK OF AMERICA, NATIONAL ASSOCIATION, et al.,            Defendants.

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the Court is the Motion to Dismiss Plaintiffs' Amended Complaint (DN 39) filed by Defendant Bank of America, National Association ("Defendant").  (DN 43.)  Plaintiffs Jane Finney and Timothy Finney ("Plaintiffs") have filed a Response.  (DN 51.)  Defendant has filed a Reply.  (DN 53.)  Therefore, the Motion is ripe for review.

Plaintiffs allege that Defendant failed to properly account for mortgage payments and improperly reported them as late to consumer reporting agencies.  Even though both Plaintiffs and consumer reporting agencies notified Defendant that Plaintiffs disputed the accuracy of such reporting, Plaintiffs allege that their credit report was never corrected.  Plaintiffs sued Defendant for violating the Fair Credit Reporting Act ("FCRA"), for invading their privacy, and for negligently hiring and supervising its employees.  Although Plaintiffs have alleged facts sufficient to state a claim for a violation of the FCRA, Plaintiffs' remaining claims are not supported by the facts in their Amended Complaint.  Plaintiffs fail to allege that Defendant intruded upon or gave publicity to a private matter.  Plaintiffs also fail to connect their injuries to any negligent hiring or supervision by Defendant.  Therefore, Defendant's Motion is **GRANTED IN PART AND DENIED IN PART**.

I.      **BACKGROUND**

### A.    Factual Background[1]

Plaintiffs owe money to Defendant for a loan on their property in Louisville, Kentucky. (DN 1 at ¶ 8.)  Plaintiffs have always made timely payments on their mortgage, but Defendant returned several payments stating they could not apply them.  (*Id.*)  Defendant had also reported to consumer reporting agencies that Plaintiffs were late on their mortgage payments sixteen times. (*Id.*)  Even though Plaintiffs have contacted Defendant to correct the problem, and even though Defendant was notified by consumer reporting agencies that Plaintiffs disputed the accuracy of the reported information, Plaintiffs' credit report was never corrected.  (*Id.* at ¶ 9-13.)

### B.    Procedural History

Plaintiffs sued Defendant in Jefferson Circuit Court, but Defendant removed this case to the Western District of Kentucky.  (DN 1.)  Defendant then asked the Court to dismiss this case for failure to state a claim.  (DN 17.)  While Defendant's motion was pending, Plaintiffs sought leave to file this Amended Complaint.  (DN 36.)  The Court granted Plaintiffs' motion and applied Defendant's pending motion to dismiss to the portions of Plaintiffs' Amended Complaint that were identical to their first complaint.  (DN 37.)[2]  The Court dismissed all but Plaintiffs' claims for invasion of privacy, negligent hiring and supervision, and a violation of the FCRA.  (DN 40.) However, the Court granted Defendant leave to file an additional motion to dismiss with respect to Plaintiffs' remaining claims.  (*Id.*)  That Motion to Dismiss is before the Court.  (DN 43.)

## II.    DISCUSSION

### A.    Standard

---

[1] These factual allegations are taken from Plaintiffs' Amended Complaint. (DN 39.)  For purposes of a motion to dismiss under Rule 12(b)(6), the Court will assume all factual allegations to be true and grant Plaintiffs the benefit of all plausible inferences.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[2] Plaintiffs' motion for leave to amend contained two proposed exhibits to their Amended Complaint.  (DNs 36-3, 36-4.)  However, Plaintiffs did not attach these exhibits to their Amended Complaint when they filed it.  (DN 39.) Therefore, the Court will direct the Clerk of Court to attach those two exhibits to their Amended Complaint.

A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). A party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Sixth Circuit reviews a district court's decision to grant or deny a motion to dismiss under Rule 12(b)(6) *de novo*. *Stratton v. Portfolio Recovery Assocs., LLC*, 770 F.3d 443, 446 (6th Cir. 2014).

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. In ruling on a motion to dismiss, a court must assume that all well-pleaded factual allegations are true and then determine whether they plausibly establish that the plaintiff is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The court must use "judicial experience and common sense" to determine whether a claim is plausible. *Id.* A plausible claim must be supported by enough facts to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Id.*

Rule 8 does not require detailed factual allegations, nor does it require a plaintiff to show that he or she is "probably" entitled to relief. *Iqbal*, 556 U.S. at 678. In fact, a complaint may proceed even if a judge believes that the claim is improbable, and that recovery is unlikely. *Twombly*, 550 U.S. at 556 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). But a complaint must still establish more than "a sheer possibility" that the defendant acted unlawfully. *Iqbal*, 556 U.S. at 678.

### B.    Fair Credit Reporting Act

To sustain a cause of action against a furnisher of credit information under the FCRA, a plaintiff must establish four elements. First, the defendant must have furnished inaccurate or incomplete information to a consumer reporting agency. *Pittman v. Experian Info. Sols., Inc.*, 901

F.3d 619, 629 (6th Cir. 2018). Second, a consumer reporting agency must have notified the defendant that the accuracy or completeness of the furnished information was disputed. *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 615-16 (6th Cir. 2012). Third, the defendant must have violated one of the five statutory provisions of 15 U.S.C. § 1681s-2(b)(1). *Id.* at 616-18. Fourth, the defendant must have violated the FCRA negligently or willfully. § 1681*o* (negligent); § 1681n (willful). Here, Plaintiffs conclusively plead that consumer reporting agencies notified Defendant of a dispute as to reported information, satisfying the second element. (DN 39, at ¶ 11.) But the other three elements are less clear.

### 1. Plaintiffs have alleged that Defendant reported incomplete information to consumer reporting agencies.

A plaintiff must make the "threshold showing" that the reported information is inaccurate or incomplete. *Pittman*, 901 F.3d at 629. Information is inaccurate or incomplete if is false, if it contains a material omission, or if it creates a materially misleading impression. *Pittman*, 901 F.3d at 630 (citing *Boggio*, 696 F.3d at 617-18). Even if the reported information is technically correct, a plaintiff can still succeed on this element if the reported information omits key details in such a way as to cause damage to a consumer. *Twumasi-Ankrah v. Checkr, Inc.*, 954 F.3d 938, 943 (6th Cir. 2020).

In *Pittman*, the court held that the defendants reported incomplete information by reporting the plaintiff's mortgage payments as late without including the fact that the plaintiff agreed to a trial modification plan. 901 F.3d at 639. The plaintiff failed to make two mortgage payments before applying for a modification to his loan. *Id.* at 625. His servicer, iServe, agreed to modify his loan and granted him a trial modification plan. *Id.* Under the plan, the plaintiff agreed to make trial period payments in a timely manner in exchange for a permanent modification of his loan. *Id.* However, iServe never made the modification permanent, and when iServe assigned his loan to

BSI Financial Services, the modification never transferred over.  *Id.*  As such, the plaintiff's servicers reported to consumer reporting agencies that the plaintiff's mortgage payments under the original contract were past due.  *Id.* at 625-26.  The court held that the plaintiff's servicers reported incomplete information because failing to include the modification "implie[d] a much greater degree of financial irresponsibility."  *Id.* at 639.  As such, the reported information created a materially misleading impression.  *See id.* at 630.

Here, Plaintiffs allege that Defendant reported to consumer reporting agencies that Plaintiffs were late on their mortgage payments, even though Plaintiffs were always current, and that Defendant returned several payments without applying them to Plaintiffs' mortgage.  (DN 39, at ¶ 8.)  These facts are sufficient for the Court to plausibly infer that Defendant reported incomplete information to consumer reporting agencies.  If there had been some error in the way Plaintiffs were paying their mortgage, causing delays in Defendant receiving those payments, then it would be technically correct to say that those payments were late.  But to omit the fact that these payments were late *because* of that error would imply "a much greater degree of financial irresponsibility."  *Cf. Pittman*, 901 F.3d at 639.  Whether the error is attributable to Plaintiffs or Defendant, the omission of that fact implies that Plaintiffs were simply late on their mortgage payments *sixteen times*.  This undoubtedly would be—if proven—a materially misleading impression that would satisfy the first element.

To be certain, Plaintiffs could have been more detailed in their Amended Complaint.  For instance, Plaintiffs could have stated which sixteen payments Defendant improperly reported as late, when Plaintiffs were supposed to make those payments, and when Plaintiffs did make those payments.  But pleadings do not need to include detailed facts.  *Twombly*, 550 U.S. at 555.  At the motion to dismiss stage, it is enough that Plaintiffs allege they were always current on their

mortgage. That is a factual allegation that the Court is required to accept as true, along with any plausible inferences in Plaintiffs' favor that may arise from it. *Id.* But the Court will take the opportunity now to advise Plaintiffs that, should Defendant move for summary judgment, the Court will demand more from Plaintiffs than what they stated in their Amended Complaint. *Chappell v. City of Cleveland*, 585 F.3d 901, 906 (6th Cir. 2009) ("The court's duty to view the facts in the light most favorable to the nonmovant does not require or permit the court to accept mere allegations that are not supported by factual evidence.").

### 2. Plaintiffs have alleged that Defendant violated one of the five statutory provisions of 15 U.S.C. § 1681s-2(b).

The FCRA imposes five statutory duties on furnishers of credit information that are triggered after receiving notice of a dispute from a consumer reporting agency. First, a furnisher must conduct a reasonable investigation with respect to the disputed information. *Boggio*, 696 F.3d at 616. A reasonable investigation is a "fairly searching inquiry," or at least more than a cursory review. *Id.* Second, a furnisher must review all relevant information it received from the consumer reporting agency that notified it of the dispute. 15 U.S.C. § 1681s-2(b)(1)(B). The reasonableness of the investigation turns on what relevant information the consumer reporting agency provided to the furnisher.[3] *Boggio*, 696 F.3d at 617. Third, a furnisher must report the results of the investigation to the consumer reporting agency that notified it of the dispute, regardless of the outcome of the investigation. *Id.* Fourth, if a furnisher finds that the disputed information is incomplete or inaccurate, then it must report that finding to all other consumer reporting agencies it furnished that information to and that compile and maintain files on

---

[3] Defendant takes issue with the fact that the Amended Complaint does not contain any facts to show what relevant information Plaintiffs provided to Defendant. (DN 43-1, at PageID # 464.) But the duty to provide relevant information to furnishers of information rests with the consumer reporting agency, not the consumer. 15 U.S.C. § 1681i(2)(A).

consumers on a nationwide basis.  § 1681s-2(b)(1)(D).  Fifth, the furnisher must either "modify," "delete," or "permanently block reporting of" information that it finds to be inaccurate, incomplete, or unable to be verified after any reinvestigation.  § 1681s-2(b)(1)(E).

Plaintiffs allege that "[e]ven after receiving notice from the credit bureaus, [Defendant] continued to fail and refuse to remedy the problem and acted in reckless disregard to its duties." (DN 39, at ¶ 12.)  While legal conclusions may provide the framework of a complaint, they must be supported by factual allegations.  *Iqbal*, 556 U.S. at 679.  To support this conclusion, Plaintiffs state that the "posting of negative marks on the credit reports of the Plaintiffs continued for years" and that "there was no corrections or remediation of the errors to the credit bureaus thus resulting in negative remarks on Plaintiffs credit report."  (DN 39, at ¶¶ 12-13) (errors in original).  Notably, Plaintiffs never specifically allege what actions Defendant took, or failed to take, after receiving notice of the dispute.  Instead, Plaintiffs seem to ask the Court to infer that Defendant is liable from the fact that their credit report was never corrected, even after Defendant received notice of the dispute.

There are many possible explanations as to why Plaintiffs' credit report was never corrected, even after Defendant received notice of a dispute.  Some of these explanations would plausibly entitle Plaintiffs to relief.  For instance, Defendant could have failed to investigate at all, in violation of 15 U.S.C. § 1681s-2(b)(1)(A).  Or Defendant could have conducted a mere cursory review.  *Boggio*, 696 F.3d at 616.  Or Defendant could have determined that the reported information was incomplete and failed to report the results of its investigation in violation of § 1681s-2(b)(1)(C)-(D).  Assuming that the information was indeed incomplete, which the Court does at the motion to dismiss stage, these three explanations would be plausible.  But there are certainly other explanations that would not entitle Plaintiffs to relief.  For instance, consumer

reporting agencies could have received the results of Defendant's investigation and then decided not to correct Plaintiffs' credit report.  However, the existence of alternative explanations does not automatically entitle Defendant to dismissal.  *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 505 (6th Cir. 2013).  The Court thus finds that Plaintiffs have satisfied this element.

> **3.    Plaintiffs have alleged that Defendant violated the FCRA willfully or negligently.**

The FCRA is not a strict liability statute.  *See Beaudry v. TeleCheck Services, Inc.*, 579 F.3d 702, 708 (6th Cir. 2009).  A plaintiff may only recover for negligent or willful violations.  15 U.S.C. § 1681*o* (negligent); § 1681n (willful).  A furnisher acts willfully if it violates the law knowingly or recklessly.  *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007).  If a furnisher acted willfully, then it has necessarily also acted negligently.  *See Krueger v. Experian Information Solutions, Inc.*, No. 20-2060, 2021 WL 4145565 (6th Cir. Sept. 13, 2021) (holding that evidence of the defendant's willful violation supported the plaintiff's claim that it acted negligently or willfully).

Plaintiffs have alleged that Defendant violated the FCRA willfully or negligently. Plaintiffs state that they contacted Defendant to report the issue, in addition to reporting the issue to consumer reporting agencies.  (DN 39, at ¶¶ 11-12.)  To be certain, notice from a consumer is not enough to trigger a furnisher's duty to investigate the accuracy of disputed information.  *Bass v. Aidvantage Fed. Student Loan Servicing*, No. 3:24-CV-279, 2024 WL 4296952, at *2 (W.D. Ky. Sept. 25, 2024).  But the notices from both Plaintiffs and the consumer reporting agencies are enough for the Court to infer that Defendant knew it had a duty to reasonably investigate the dispute and report the results of that investigation but failed to do so.  The Court thus finds that

Plaintiffs have stated a claim for relief for a willful or negligent violation of 15 U.S.C. § 1681s-2(b).

### C.    Invasion of Privacy

Under Kentucky law, individuals have the right to live their lives without unwarranted interference by the public. *McCall v. Courier-J. & Louisville Times Co.*, 623 S.W.2d 882, 887 (Ky. 1981) (citing *Brents v. Morgan*, 299 S.W. 967, 970 (Ky. 1927)). This right is protected against four actionable torts under Kentucky law: (i) unreasonable intrusion upon seclusion; (ii) commercial appropriation of one's name or likeness; (iii) unreasonable publicity given to one's private life; and (iv) false light. *Id.* (adopting Restatement (Second) of Torts, § 652A (A.L.I. 1976)).

Plaintiffs' Amended Complaint never specifies the form of invasion of privacy they are suing Defendant for, but that is no bar to recovery. Plaintiffs may set out multiple alternative statements of a claim in a single count, and a pleading is sufficient if any of these statements are sufficient. Fed. R. Civ. P. 8(d)(2). But here, none of Plaintiffs' alternative statements are sufficient. Plaintiffs do not even purport to set out a claim for commercial appropriation, and none of the remaining forms of invasion of privacy are sufficiently pleaded.

### 1.    Unreasonable Intrusion upon the Seclusion of Another

Under the Restatement (Second) of Torts, one who intentionally intrudes upon the solitude or seclusion of another, or his private affairs is liable to the other for invasion of his privacy if the intrusion would be highly offensive to a reasonable person. Restatement (Second) of Torts § 652B (A.L.I. 1977). This form of intrusion does not depend on any publicity given to the person whose interest is invaded, but rather on the intentional interference with his interest in solitude or seclusion. *Id.* cmt. a.

Here, Plaintiffs fail to allege that Defendant intruded upon a private matter. The Court does not dispute that an individual's personal financial information is a private matter. *See Brents v. Morgan*, 299 S.W. 967, 971 (Ky. 1927). But a claim for unreasonable intrusion upon seclusion requires that the defendant *intruded* upon a private matter, not that the defendant simply had access to private information. Restatement (Second) of Torts § 652B cmt. c (A.L.I. 1977). It thus follows that a plaintiff cannot establish a claim for unreasonable intrusion upon seclusion when that plaintiff voluntarily conveys private information to the defendant, as Plaintiffs did here. *See Warinner v. N. Am. Sec. Sols., Inc.*, No. CIV.A.3:05-CV-244-S, 2008 WL 2355727, at *3 (W.D. Ky. June 5, 2008) ("A plaintiff in an invasion of privacy case must have conducted himself or herself in a manner consistent with an actual expectation of privacy") (citation omitted). By making payments on their mortgage, Plaintiffs voluntarily conveyed the time and manner of these payments to Defendant. As such, Defendant could not have intruded upon any private matter concerning Plaintiffs. Plaintiffs therefore cannot establish a claim for intrusion upon seclusion.

### 2. Unreasonable Publication of Private Matters and Publicity Placing Person in False Light

Under Kentucky law, unreasonable publication and false light are separate theories of recovery with separate elements, but both require that the plaintiff demonstrate that the matter was publicized. Restatement (Second) of Torts, § 652D cmt. a (A.L.I. 1976) (unreasonable publication); *Id.* § 652E cmt. a (false light). A matter is publicized if it has been made public, or communicated to the public at large, or communicated to so many persons that the matter must be regarded as substantially certain to become one of public knowledge. *Id.* § 652D cmt. a.

Here, both theories of recovery fail because Plaintiffs fail to allege that any matter was publicized. Plaintiffs allege that Defendant reported late payments to consumer reporting agencies, but this does not qualify as publicity for purposes of invasion of privacy. Nothing in

Plaintiffs' Amended Complaint supports any plausible inference that Defendant disclosed these allegedly improper late payments to the public at large or to a multitude of persons "such that the information could be regarded as substantially certain to become" public knowledge. Restatement (Second) of Torts, § 652D cmt. a (A.L.I. 1976). Plaintiffs argue in their Response that the financial information Defendant disclosed to consumer reporting agencies were in turn "made available to a wide range of employees and institutions, thereby violating the [Plaintiffs'] reasonable expectation of privacy in their financial reputation and personal credit history." (DN 51, at PageID # 492.) Plaintiffs did not allege this in their Amended Complaint, and thus the Court will not consider it. *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016) ("Assessment of the facial sufficiency of the complaint must ordinarily be undertaken without resort to matters outside the pleadings."). Accordingly, Plaintiffs fail to plead a claim for invasion of privacy.

### D.    Negligent Hiring and Supervision

Plaintiffs label count 7 as a claim for invasion of privacy but allege that because of "Defendant's [n]egligent hiring and supervision, Plaintiffs suffered loss." (DN 39, at ¶ 19.) Courts must look beyond labels and examine the substance of a complaint to determine whether plaintiffs have stated a claim for relief. *Minger v. Green*, 239 F.3d 793, 799 (6th Cir. 2001). As such, the Court will construe count 7 as a claim for negligent hiring and supervision.

Under Kentucky law, negligent hiring and negligent supervision are separate torts with different elements, but they each require that the employer knew or should have known of the risk the employee created. *Ritchie v. Turner*, 559 S.W.3d 822, 842 (Ky. 2018) ("To succeed on a negligent hiring and retention claim, the plaintiff must prove (1) the employer knew or reasonably should have known that an employee was unfit for the job for which he was employed, and (2) the employee's placement or retention at that job created an unreasonable risk of harm to the

plaintiff.") (citing *Oakley v. Flor-Shin, Inc.*, 964 S.W.2d 438, 442 (Ky. Ct. App. 1998)); *Grand Aerie Fraternal Ord. of Eagles v. Carneyhan*, 169 S.W.3d 840, 844 (Ky. 2005) ("[T]he plaintiff must allege that the defendant knew or had reason to know of the employee's harmful propensities; that the employee injured the plaintiff; and that the hiring, supervision, or retention of such an employee proximately caused the plaintiff's injuries.") (citing 27 Am. Jur. 2d *Employment Relationship* § 401 (2004)).

Here, Plaintiffs fail to allege that Defendant knew or should have known that one of its employees posed a risk of harm to Plaintiffs. The only statements in Plaintiffs' Amended Complaint that at all relate to their claim for negligent hiring and training are: "[t]he theories of recovery are: [n]egligent, [w]anton, and/or intentional hiring and supervision of incompetent employees or agents" and "[a]s a direct and proximate cause of Defendant's [n]egligent hiring and supervision, Plaintiff suffered loss, harm, and damage." (DN 39, at ¶¶ 4, 19.) These statements are precisely the type of the-defendant-unlawfully-harmed-me accusations that are insufficient to state a claim under Rule 8. *Iqbal*, 556 U.S. at 678. Nowhere in Plaintiffs' Amended Complaint do Plaintiffs even identify an employee that Defendant negligently hired or trained, much less allege that Defendant knew or should have known was unfit for the job. Accordingly, Plaintiffs fail to state a claim for negligent hiring and supervision and count 7 is dismissed.

Plaintiffs argue that the excessive number of improperly reported late payments should have put Defendant on notice that it needed to properly train its employees or fire them, but this is still insufficient. At best, the Court could plausibly infer that *something* caused the alleged reporting errors, but the Court could not plausibly infer that Plaintiffs' injuries were caused by an employee that Defendant negligently hired or supervised. Essentially, Plaintiffs fail to connect

Defendant's negligence to the actions of its employees.  As such, Plaintiffs fail to state a claim for negligent hiring and supervision.

## III.    ORDER

For the foregoing reasons,

IT IS HEREBY ORDERED that:

(1)    Defendant's Motion to Dismiss Plaintiffs' Amended Complaint (DN 43) is **GRANTED IN PART**.  Counts 6 and 7 are **DISMISSED**.  Count 3 **REMAINS PENDING**.

(2)    On or before **December 19, 2025,** Defendant shall file an answer to Plaintiffs' Amended Complaint.  (DN 39.)

(3)    The Clerk of Court shall attach DNs 36-3, 36-4 to Plaintiffs' Amended Complaint as exhibits.  (DN 39.)

cc:  Counsel of record